# CIRCUIT COURT OF BALTIMORE CITY.

Filed February 25, 1918.

EDWIN M. WILMER
VS.
CHRISTOPHER C. DUNN, ET AL.

*David Ash* for Edwin M. Wilmer.
*Benjamin L. Freeny* for Christopher C. Dunn.
*Charles P. Coady* for Patterson Park Building and Loan Association.

SOPER, J.—

In this case I have given the matter careful consideration and I have come to the conclusion that the bill of complaint should be dismissed.

I do not think that the defendant is estopped from raising the defense in this case by reason of the fact that in a former case between the same parties there was a petition in the bill of complaint for a restraining order restraining the present plaintiff, then defendant, from executing upon whatever interests Christopher C. Dunn might have in the property. The interest that Mr. Christopher C. Dunn had in the property was not described in the bill of complaint in the former case, and when the matter came on for hearing before the judge, the counsel for Dunn made the point that Dunn was really holding the property in the nature of a trusteeship, and I have considered as being in evidence the statement made by Mr. Freeny, counsel for Mr. Dunn, in the prior case, and also the comments of the courts on that particular matter, showing that at that time Christopher C. Dunn took practically the same position in regard to this property as he does at this time, so I do not think the question of estoppel is properly raised here.

On the merits of the case, it appears that Christopher C. Dunn transferred to his two sons the property in question without any consideration and at that time Christopher C. Dunn owed debts. Ordinarily, of course, the practical effect of such a conveyance would be to hinder and delay his creditors and the charge of constructive fraud might be made if the matter was not explained. The explanation, however, satisfies the court that Dunn never had any beneficial interest in the property. He received it from his wife on Saturday; she died on Sunday and he transferred it to his sons on Monday. His statement and that of his sons was that the property was paid for largely by the efforts of the sons, and his wife transferred it to him for the purpose of transferring it to his sons, and, while it may seem peculiar that she did not make the transfer direct to the two sons, the explanation of that is she did not wish to have her husband criticized, or have the people who knew them think there was any lack of harmony between her and her husband, and as she was about to die she was cutting him off without any share in the property.

Certainly if there had been any attempt at fraud at that time it would have been as easy to transfer the property direct to the two sons. Under the circumstances, I will accept the explanation and have reached the conclusion

534

that the preponderance of evidence shows that Dunn simply held the property as a conduit of title between his sons and his wife.

Although there was a judgment against Dunn at the time that had not been recorded—a magistrate's judgment—and therefore was not a lien on the property, I will sign a decree dismissing the bill.